IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **RICKY BERNARD BESTER,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | Civil No. TMD 15-3262 |
| v. | * | |
| | * | |
| | * | |
| **NANCY A. BERRYHILL,** | * | |
| **Acting Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.**[1] | * | |

\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION GRANTING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

Plaintiff Ricky Bernard Bester seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 16) and Defendant's Motion for Summary Judgment (ECF No. 17).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that he is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Defendant's Motion

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. She is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

for Summary Judgment (ECF No. 17) is **GRANTED**, Plaintiff's Motion for Summary Judgment (ECF No. 16) is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

# I

## Background

Plaintiff was born in 1963, has an eleventh-grade education, and previously worked as a construction laborer. R. at 22, 33. Plaintiff filed an application for DIB on June 5, 2012, alleging disability beginning on September 15, 2011, due to his lower back. R. at 136-47, 172, 176. The Commissioner denied Plaintiff's application initially and again on reconsideration, so Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). R. at 63-83, 86-89. On February 21, 2014, ALJ Michael A. Krasnow held a hearing in Washington, D.C., at which Plaintiff and a vocational expert ("VE") testified. R. at 27-62. On March 8, 2014, the ALJ issued a decision finding Plaintiff not disabled from the alleged onset date of disability of September 15, 2011, through the date of the decision. R. at 13-26. Plaintiff sought review of this decision by the Appeals Council, which denied Plaintiff's request for review on September 17, 2015. R. at 1-12. The ALJ's decision thus became the final decision of the Commissioner. *See* 20 C.F.R. § 404.981; *see also Sims v. Apfel*, 530 U.S. 103, 106-07, 120 S. Ct. 2080, 2083 (2000).

On October 26, 2015, Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case subsequently was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

## II

## Summary of Evidence

The Court reviews here and in Part VI below Plaintiff's relevant medical evidence.

**A.      Mark Rosenthal, M.D.**

On November 1, 2011, Mark Rosenthal, M.D., conducted an independent medical evaluation of Plaintiff.  R. at 217-18.  Dr. Rosenthal opined:

> [Plaintiff] can work in a sedentary position at the present time.  I do not believe he can return to work as a construction worker, but he could do some sedentary-type work where he was part time sitting, part time standing but doing no lifting, bending, or twisting.
>
> [Plaintiff] is not yet at maximum medical improvement.

R. at 218.

On March 8, 2012, Plaintiff reported to Dr. Rosenthal that "he is exactly the same" since November 2011.

> He continues to have significant pain in the lower back, worse on the left.  It does radiate into the right lower extremity into the groin and thigh, but he states the vast majority of the pain is in the lower back and the lower extremity symptoms are not problematic for him.

R. at 215.  Dr. Rosenthal opined:

> I do not believe [Plaintiff] is capable of returning to work at this time. [Plaintiff] is not at maximum medical improvement.
>
> Once again, I believe [Plaintiff] requires appropriate medical care to improve his condition.  After appropriate medical care, [Plaintiff] will attain maximum medical improvement when he has healed, and at that point would be able to return to work, most likely in a medium work capacity.

R. at 216.

**B.     State Agency Medical Consultants**

On July 24, 2012, a state agency medical consultant, S.K. Najar, M.D., assessed Plaintiff's physical residual functional capacity ("RFC"). R. at 66-67. Dr. Najar opined that Plaintiff could (1) lift and/or carry twenty pounds occasionally and ten pounds frequently; (2) stand and/or walk for a total of about two hours in an eight-hour workday; (3) sit for about six hours in an eight-hour workday; and (4) perform unlimited pushing and/or pulling. R. at 66-67. Plaintiff occasionally could balance, stoop, kneel, crouch, crawl, and climb ramps and stairs (but never ladders, ropes, or scaffolds). R. at 67. Plaintiff had no manipulative, visual, communicative, or environmental limitations. R. at 67. On January 11, 2013, another state agency consultant, W. Hakkarinen, M.D., expressed the same opinion about Plaintiff's physical RFC. R. at 76-77.

**C.     Matthew Ammerman, M.D.**

Matthew Ammerman, M.D., Plaintiff's treating physician, reported on July 24, 2013, that Plaintiff was "actually walking much better." R. at 251. "His left leg, he says, is significantly improved since last seeing him but his right leg has been bothering him more, primarily from the inguinal region down to the groin. There is no real pain in the leg beyond that." R. at 251. "His low back continues to bother him." R. at 251. Dr. Ammerman opined that, "[a]t this point, [Plaintiff] is not capable of returning to work and I think anything along those lines is significantly premature." R. at 251.

On March 17, 2014, Dr. Ammerman noted that Plaintiff was "over one year out from surgery, i.e., in February 2013." R. at 259.

> Neurologically, his back is tender with some soreness. He walks with a walker. His gait is tandem. He has no leg complaints on exam, either clinically or symptomatically. I think all his postop radicular complaints that were initially

> worse on the left, then the right, have really resolved at this point. He only has axial pain, which leads us back to square one.

R. at 259. Dr. Ammerman opined that Plaintiff "is completely and totally disabled given his axial back pain, difficulty getting around, and need for a walker. I am okay with him going short distances in a car. I do not see him returning to work in any capacity at this point." R. at 259.

D.     **Hearing Testimony**

   1.     **Plaintiff's Testimony**

   The ALJ reviewed Plaintiff's testimony in his decision:

> [Plaintiff] alleges degenerative disc disease, status post fusion, and obesity. He states that these impairments result in being unable to work.
>
> . . . He states that he cannot sit or stand for long periods of time. However, his activities of daily living include personal care with discomfort to his lower back, watching TV, communicating with others about current events, and going to the 7-11 store on a regular basis [R. at 182-84]. At the hearing, he testified that he drives every day to pick his daughter up from school, driving both a Mercedes and a pickup truck. He also testified that he is able to do a little sweeping, wash his clothes sometimes, wash dishes, and take out the trash. He further testified that he walks up approximately 12 stairs in his house on a regular basis in order to shower, can lift 10-15 pounds, and recently tried to do some snow shoveling following a snow storm (but then received some assistance from a neighbor). He further testified that he previously bought and/or received movies to watch from a "bootleg movie guy," which suggests that [Plaintiff] is willing to violate the law when it is to his benefit, and detracts from his credibility.

R. at 19; *see* R. at 31-59.

   2.     **VE Testimony**

   The VE testified that a hypothetical person with Plaintiff's same age, education, and work experience who had the RFC outlined in Part III below could not perform Plaintiff's past work but could perform the light jobs of router, counter clerk, or cashier II.[3] R. at 59-60. That

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).

5

person also could perform the sedentary jobs of addresser, order clerk, or document preparer.[4] R. at 60. All these positions would allow for a sit-stand option and the use of a cane for ambulation. R. at 60-61. With the exception of her testimony regarding a sit-stand option and the use of a cane, the VE's testimony was consistent with the *Dictionary of Occupational Titles*.[5] R. at 61.

### III

### Summary of ALJ's Decision

On March 8, 2014, the ALJ found that Plaintiff (1) had not engaged in substantial gainful activity since the alleged onset date of disability of September 15, 2011; and (2) had an impairment or a combination of impairments considered to be "severe" on the basis of the requirements in the Code of Federal Regulations; but (3) did not have an impairment or a combination of impairments meeting or equaling one of the impairments set forth in 20 C.F.R. pt. 404, subpt. P, app. 1; and (4) was unable to perform his past relevant work; but (5) could perform other work in the national economy, such as router, counter clerk, cashier II, addresser, order clerk, or document preparer. R. at 18-23. The ALJ thus found that he was not disabled from September 15, 2011, through the date of the decision. R. at 23.

---

[4] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a). "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *Id.*

[5] "The Social Security Administration has taken administrative notice of the *Dictionary of Occupational Titles*, which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs." *Massachi v. Astrue*, 486 F.3d 1149, 1152 n.8 (9th Cir. 2007); *see Pearson v. Colvin*, 810 F.3d 204, 205 n.1 (4th Cir. 2015); *DeLoatche v. Heckler*, 715 F.2d 148, 151 n.2 (4th Cir. 1983); 20 C.F.R. § 404.1566(d)(1). "Information contained in the [*Dictionary of Occupational Titles*] is not conclusive evidence of the existence of jobs in the national economy; however, it can be used to establish a rebuttable presumption." *English v. Shalala*, 10 F.3d 1080, 1085 (4th Cir. 1993).

In so finding, the ALJ found that Plaintiff had the RFC

> to perform light work as defined in 20 CFR 404.1567(b), except that he can stand and walk no more than 2 hours out of an 8 hour workday; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; and never climb ladders, ropes, and scaffolds. [Plaintiff] must be permitted to sit and stand at will.

R. at 19. The ALJ also considered Plaintiff's credibility and found that his "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [his] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." R. at 20. The ALJ gave Dr. Najar's opinion "significant weight" because it was supported by Plaintiff's history of treatment for his degenerative disc disease by surgery and obesity. R. at 21 (citing R. at 215, 221, 232, 242, 248, 254-55, 257). The ALJ gave "some weight" to Dr. Rosenthal's March 2012 opinion as a "treating source," but the ALJ noted that this opinion did not include a functional analysis of Plaintiff's specific limitations. R. at 21. The ALJ further noted that Dr. Ammerman's July 2013 opinion that Plaintiff was incapable of returning work was a determination of disability reserved to the Commissioner and was "not a functional evaluation of [Plaintiff's] abilities over the whole period beginning with the date of the injury." R. at 21.

## IV

### Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in

any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-380 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[6]

---

[6] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is

---

in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V

## Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## VI

### Discussion

Plaintiff first asserts that the ALJ erred in giving "great weight" to the opinion of Dr. Rosenthal, whom the ALJ erroneously identified as a treating physician, instead of giving controlling weight to the opinion of Dr. Ammerman, who actually treated Plaintiff. Pl.'s Mem. Supp. Mot. Summ. J. 24-26, ECF No. 16-1. Plaintiff further maintains that the ALJ erred in considering his credibility. *Id.* at 27-29. Plaintiff finally contends that he should be considered disabled under grid rule 201.10 as of his 50th birthday. *Id.* at 28-29. For the reasons discussed below, Plaintiff's assertions are unavailing.

A.  **ALJ's Consideration of Medical Opinions**

Plaintiff first contends that controlling weight should have been given to Dr. Ammerman's July 2013 opinion that he was not capable of returning to work and to his subsequent March 2014 opinion, submitted to the Appeals Council, that he is "totally disabled." In this regard, the Fourth Circuit reiterated the following standard for considering medical opinions. *Dunn v. Colvin*, 607 F. App'x 264, 267-68 (4th Cir. 2015). When evaluating medical

11

opinions, the ALJ should consider "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." *Johnson*, 434 F.3d at 654; *see* 20 C.F.R. § 404.1527. "An ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,'" *Dunn*, 607 F. App'x at 267 (quoting *Scivally v. Sullivan*, 966 F.2d 1070, 1077 (7th Cir. 1992)), "or has failed to give a sufficient reason for the weight afforded a particular opinion," *id.* (citing 20 C.F.R. § 404.1527(d) (1998)); *see* 20 C.F.R. § 404.1527(c).

A treating source's opinion on issues of the nature and severity of the impairments will be given controlling weight when well supported by medically acceptable clinical and laboratory diagnostic techniques and when the opinion is consistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); *see Dunn*, 607 F. App'x at 267. Conversely, however, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). "[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig*, 76 F.3d at 590. In other words, "a treating physician's opinion is to be accorded comparatively less weight if it is based on the physician's limited knowledge of the applicant's condition or conflicts with the weight of the evidence." *Meyer v. Colvin*, 754 F.3d 251, 256 (4th Cir. 2014) (citing *Craig*, 76 F.3d at 590; 20 C.F.R. § 404.1527(c)). Moreover, "the testimony of a non-examining physician can be relied upon when it is consistent with the record. Furthermore, if the medical expert testimony from examining or treating physicians goes both ways, a determination coming down

12

on the side of the non-examining, non-treating physician should stand." *Smith*, 795 F.2d at 346 (citation omitted). An ALJ may reject a treating physician's opinion in its entirety and afford it no weight if the ALJ gives specific and legitimate reasons for doing so. *See Bishop v. Comm'r of Soc. Sec.*, 583 F. App'x 65, 67 (4th Cir. 2014) (per curiam) (citing *Holohan v. Massanari*, 246 F.3d 1195, 1202 n.2 (9th Cir. 2001); *Craig*, 76 F.3d at 589-90).

A medical expert's opinion as to whether one is disabled is not dispositive; opinions as to disability are reserved for the ALJ and for the ALJ alone. *See* 20 C.F.R. § 404.1527(d)(1). Generally, the more the medical source presents relevant evidence to support his opinion, and the better that he explains it, the more weight his opinion is given. *See id.* § 404.1527(c)(3). Additionally, the more consistent the opinion is with the record as a whole, the more weight the ALJ will give to it. *See id.* § 404.1527(c)(4); *see also Dunn*, 607 F. App'x at 268.

In light of the foregoing, the Commissioner's affording less than controlling weight to Dr. Ammerman's opinions of Plaintiff's total disability was appropriate, as these opinions were not medical opinions, but opinions on an issue reserved to the Commissioner and thus not entitled to any special significance. *See* 20 C.F.R. § 404.1527(d); *see also Thompson v. Astrue*, 442 F. App'x 804, 808 (4th Cir. 2011) (per curiam) ("Rather than providing a reasoned explanation, [the treating physician] simply opined in his conclusory fashion that [the claimant] was 'permanently and totally disabled' and 'will never be able to perform substantial gainful work activity.' Thus, [the treating physician's] letter more closely resembled an opinion on a matter reserved to the Commissioner than a medical opinion."). Thus, "the ALJ is not required to give controlling weight to a treating physician's opinion on the ultimate issue of disability." *Bruette v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-12-1972, 2013 WL 2181192, at *4 (D. Md.

May 17, 2013) (citing 20 C.F.R. § 404.1527(d)(2); Social Security Ruling ("SSR") 96-5p).[7] Plaintiff apparently maintains that, in affording Dr. Ammerman's opinions less than controlling weight, the ALJ failed to consider the factors cited in *Johnson* and in 20 C.F.R. § 404.1527(c). In this case, however, "[w]hile the ALJ did not explicitly analyze each of the *Johnson* factors on the record, the ALJ was clear that he concluded that [Dr. Ammerman's] opinion was not consistent with the record or supported by the medical evidence, which are appropriate reasons under *Johnson*" to afford a treating physician's opinion less than controlling weight. *Bishop*, 583 F. App'x at 67. Moreover, Plaintiff fails to demonstrate how a consideration of these factors would alter the weight given by the Commissioner to Dr. Ammerman's opinions of Plaintiff's total disability. Additionally, although the ALJ erred in identifying Dr. Rosenthal as a treating physician, the ALJ likewise gave less than controlling weight to Dr. Rosenthal's opinion of Plaintiff's temporary total disability, which did not include a functional analysis of Plaintiff's limitations. Thus, for these reasons, Plaintiff's argument that the ALJ erred in affording less than controlling weight to Dr. Ammerman's opinions of Plaintiff's total disability and in favoring Dr. Rosenthal's opinion is unavailing.

**B.     ALJ's Consideration of Plaintiff's Credibility**

Plaintiff next contends that the ALJ erred in considering his credibility. As noted above, however, the ALJ found that Plaintiff's reported daily living activities belied his alleged limitations. R. at 20. Because these reported activities provide substantial evidence to support

---

[7] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

the ALJ's determination of Plaintiff's credibility, Plaintiff's argument in this regard is without merit. *See Johnson*, 434 F.3d at 658; *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (per curiam); *Shively v. Heckler,* 739 F.2d 987, 989 (4th Cir. 1984) ("Because he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight."); 20 C.F.R. § 404.1529(c)(3)(i); SSR 16-3p, 2016 WL 1119029, at *7 (Mar. 28, 2016).

C.   **Grid Rule 201.10**

Plaintiff contends that the ALJ should have found him conclusively disabled under rule 201.10 of the Medical-Vocational Guidelines (the "grids" or the "guidelines"). *See* 20 C.F.R. pt. 404, subpt. P, app. 2 § 201.10.  Grid rule 201.10 applies to individuals limited to sedentary work who are closely approaching advanced age (fifty to fifty-four years) and who have at most a limited education and no transferable skills from previous skilled or semi-skilled work.  *Id.*  The ALJ determined, however, that Plaintiff was limited to a reduced range of light work.  "Where a claimant's ability to engage in substantial gainful activity may not cover the entire range of work, the rules are not conclusive."  *Hall v. Harris*, 658 F.2d 260, 266 (4th Cir. 1981).

"The restriction to approximately two hours of standing or walking rendered [Plaintiff] capable not only of sedentary work, but of a reduced range of light work that would permit [him] to sit for the majority of the time." *Jones v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-16-936, 2017 WL 627383, at *2 (D. Md. Feb. 15, 2017).  "The RFC determined by the ALJ in this case fell between the criteria for a full range of light work and a full range of sedentary work." *Id.* "The ALJ therefore properly obtained VE testimony and relied on the VE's expertise to determine that there were a significant number of light jobs that [Plaintiff] could perform." *Id.* Plaintiff's argument regarding the applicability of grid rule 201.10 thus is without merit.

In sum, substantial evidence supports the decision of the ALJ, who applied the correct legal standards here. Thus, Defendant's Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion for Summary Judgment is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

## VII

## Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 17) is **GRANTED**. Plaintiff's Motion for Summary Judgment (ECF No. 16) is **DENIED**. The Commissioner's final decision is **AFFIRMED**. A separate order shall issue.


Date: March 31, 2017                              /s/
                                       Thomas M. DiGirolamo
                                       United States Magistrate Judge